We'll turn to the final case on the calendar today. Fireman's Insurance Company versus Ace American Insurance. I see that both counsel are on. Mr. Quorum, you can proceed. Thank you, Your Honor. May it please the Court. In this case, my client's Aerotech, a staffing company, and Mr. Tom Storey, a temporary worker and special employee of Wegman's, are appealing a ruling that found no contractual indemnity obligation, despite the special employer, Wegman's, expressed contractual requirement that its employees and agents be provided indemnification from certain claims involved in an underlying and related case that was proceeding in Massachusetts. The Wegman's MP Masonry Agreement at issue states, and this is Appendix 389, that MP Masonry shall defend and indemnify and hold harmless Wegman's and its agents, employees, and representatives from and against claims, including claims of personal injury to MP Masonry's employees, arising out of or resulting directly or indirectly from the performance of the work. So what's going on here with this agreement? It's pretty easy to see. Wegman's, the construction project owner, is trying to protect itself from claims against it by the employees of MP Masonry. Exactly what happened in the underlying state court case, a case called Holguin. It's also trying to protect its employees, agents, and representatives. Are they doing this because they're altruistic? Probably not. Wegman's, though, could be liable for the actions of its employees, its agents, or its representatives. They may have a duty to cover those folks and ultimately pay the bill. So they extend this indemnity protection, not just to themselves, but their agents, employees, and representatives. Two important points to consider. Number one, New York law allows an employer to extend protections, contractual indemnity protections, to its employees. No one argues otherwise. That's not contested. Number two, Mr. Story here was, in fact, an employee, agent, and representative. That was not argued otherwise below or now. It was not otherwise found by the district court. The facts are uncontested regarding Mr. Story's role for Wegman's. Wegman's has admitted that Mr. Story was- Excuse me, I'm getting confused. I think you said Mr. Story was an employee of Wegman's? Absolutely was, Judge. Mr. Story- I thought he was an employee of Aerotech. Okay, this is part of the confusion that the district court, I think, was burdened with. And I'll try to clear it up, Judge. Aerotech is a staffing company. Aerotech provided a temporary worker, Mr. Story, to work for Wegman's. Wegman's, under the facts and circumstances of this case, and it's not contested, was a special employer, a joint employer, also an employer. Unlike the employees of every other contractor- Didn't the staffing- Doesn't the staffing agreement say that the assigned employees are employees of Aerotech and not of Wegman's? The staffing agreement does say that, Judge. That agreement, which is called the Temporary Labor Procurement Agreement, it's A336. I would suggest that's irrelevant. The Second Circuit has said that's irrelevant. We've cited that in our brief. You cannot write on a piece of paper that you are not my employee and avoid Title VII liability for sexual harassment. But who paid him? Who paid him? Aerotech paid him, Judge. But under New York law, to determine whether someone's a special employer, we look not only to who paid him, we look primarily, if not entirely, to who controlled him, who controlled and directed and supervised. The staffing agreement that Judge Chin asked about, the Temporary Labor Procurement Agreement, says that he's an employee of Aerotech. We don't contest that he's an employee. Is it enough for your argument, for you to prevail, that he is an agent? It's enough to establish that he's an agent, absolutely, or an employee. That is correct, Judge. He was all three. And I will again emphasize that's not contested. And that's not been argued. The Temporary Labor Procurement Agreement says he's an employee of Aerotech. It also says that he's going to be directed and controlled by Wegmans. The law says that if that's the case, he's also an employee of Wegmans. That's why no one has argued below or now. And why the district court didn't find that he was not an employee of Wegmans. He was found by the Massachusetts court expressly to be an agent of Wegmans. I guess the question here, though, yeah, Judge, right, is not ultimately even under relevant state law, whether if you dig down, he was an agent or an employee. Right. But under Tonkin, isn't New York Court of Appeals instructing us whether in writing the indemnification provision, the parties made it unmistakably clear that they thought the person would be covered by the term, agent, employee, etc. Right. And those sort of oddly enough, that that's the way that Tonkin spells out our task for us, right? Well, sort of. Tonkin deals with a specific set of circumstances, as most cases do. And Tonkin dealt with a circumstance where it had a company, a construction management company, that was mentioned 130 times more than that, actually, by name in the agreement containing the indemnity provision. And the indemnity provision mentioned agents, Tonkin said, well, we're an agent, we think we should be covered. And the court concluded in that situation where we have a company seeking to be covered as an agent, who's mentioned 130 times in the That's part of Tonkin's point. Because you mentioned the agent or the company 130 times. Tonkin says, says it has to be unambiguous. And at a minimum, isn't there some ambiguity here as to whether Story is an employee, whether he's covered or not? Judge, I'd suggest there's not only no ambiguity, it's not even contested. There's no question he was an employee and an agent and a representative. Now, does the contract unambiguously intend to include him? Tonkin doesn't say and this is probably the most important thing I want you to keep in mind. What from what from what I can give you keep this in mind. If we apply talking the way the district court did. And as you're suggesting, you have to mention the person by name. How's that going to work? In the real world is a practical matter to the thousands, if not millions of I don't know that you have to mention the person by name but but but you know, you need to be otherwise unambiguous. You can be unambiguous without mentioning the person by name. Judge, I think that ambiguity is important. And it is important to clearly intend to cover someone. But when you say any employee, any rep and any agent and this person is unquestionably and they don't even argue otherwise that thing, there is no fight with the district court center not ambiguous in New York law. We know exactly what an agent is we have a test for what an employee is. These things have already been found below that he was an agent. So did they intend to cover him? How would they do it? I've been doing this 27 years, I've seen a lot of agreements that use language like employees, agents and representatives. I've never seen and I'd be interested to know if you have an agreement where a company is actually list them all. Think about what that would look like. Would that even be possible? How would you go about updating that list? Your employees? You said Mr. Story is a special employee. Is that covered by the rubric employees? Sure, judge. I mean, when you say any employees, it doesn't say any particular kind of employee. Think about this. The Holguin case in Massachusetts sued Wegmans for the actions of Mr. Story. They said he's your agent and the court said that's right. They said he's your employee. You're responsible for him. They said employees in the agreement, they intended to cover employees because they didn't want to be liable for the actions of the folks they might be liable for. He's unquestionably a special employee. We don't have to look to ambiguity to figure that out. It's not even contested. They said any employee is covered. Ask yourselves this. How are you going to tell with this opinion? What are you going to tell the folks, the employers, the companies that utilize New York law and their agreements into which New York law applies? What are you telling them? If they intend to do something the law allows, and that is to provide indemnity protection to their employees, agents, and representatives, how are they going to do that? If saying any employee, any rep, and any agent is not enough, how are they going to do it? Are they going to list them by name as the court below suggests? That's wholly... But aren't we sort of stuck with that problem? That's what the New York Court of Appeals dealt us in talking. Well, Judge, I would suggest... The manager was their agent. That's not enough. Well, I suggest that's not what the court said. The court said, as is always the case, we look at each individual case, we look at each individual contract, and we try to discern the intent of the parties to that contract. Right. And that's my point is that isn't that what... And I understand your argument is that we shouldn't be engaging in a case by case analysis. We should just rely on what New York's default definition of agent, representative, or employee is. And this New York Court of Appeals said, well, not really. We're going to have an independent analysis for indemnification. Judge, that's not what they said. In talking, they said in that particular case, based on that particular contract, trying to discern the intent of the parties to that agreement, an agreement that mentioned the construction management company 130 times. They said if they intended in that context to include that entity as an agent, they could have said that because they mentioned them 100... They made a big deal out of that. They counted. They said because they mentioned them 130 times, if they wanted to mention them as a specific agent, they could do that. We can't read that to say that employers now, if they're going to do what the law allows and provide protection to their employees, they must name them individually and update that list frequently where folks will be missed. That is not what Tonkin says. You saved some time for but let's hear from Mr. McDonough. Good morning, Your Honors. Brian McDonough for the Appellee's MP Masonry and Fireman's Insurance Company of Washington, DC. Your Honors, it's more than well settled that if there's any ambiguity as to the existence of a contractual duty to indemnify, the contract must be strictly construed against imposing such a duty. And it's equally well settled that whether or not an unambiguous duty to indemnify exists is to be determined from the quote, language and purpose of the entire agreement and the surrounding facts and circumstances. Excuse me, but let's look to what the whole purpose of that agreement is. As I read it, MP Masonry was going to do a construction project for Wegmans. And Wegmans, they're not into construction, and they're liable for pins in the yogurt or botulism or something like that. So they don't want responsibility or liability for construction. So they enter into this contract with a contractor and the contractor says that they're going to hold a harmless Wegmans as well as its agents. And since Mr. Story was supervised by Mr. Lothar, it looks like he was operating as Mr. Wegmans' agent. These are very simple terms. I don't know what's complicated about this. The parties have perfect sense. I mean, this happens every day. People divide up responsibility so that they are not liable for the things that they have no, that's not really part of their business. Your Honor, I agree with everything you say there. And here the division was that MP Masonry would have to indemnify Wegmans' actual employees, not its special employees. There was a separate contract out there between Wegmans and its temporary labor contractor that was Aerotech. And Aerotech and Wegmans had a separate agreement that dealt with ensuring and indemnifying of the employees that Aerotech provided. It wasn't necessary for indemnification of special employees to be contemplated by the separate contract with the Masonry subcontractor. The Masonry subcontractor was only obligated to indemnify Wegmans and its actual employees. And Wegmans did have actual employees working on this project, including the project manager, an individual named Al Halabi. And then it also used independent contractors whom it obtained from its labor contractor, Aerotech. What about agents? I mean, why would Mr. Story have been an agent of Wegmans supervised by Wegmans' employee, Mr. Lothar? The real question here is not whether or not Mr. Story ended, whether whether the control that Wegmans exerted over Mr. Story, in fact rendered him an agent. The pivotal and only legal question here is whether or not the parties unambiguously exhibited an intent at the time of contracting that individuals in the status that Mr. Story occupied were to be considered agents of Wegmans. And they were not. And that is established by two things. First, it's established by the terms of the contract itself between MP Masonry and Wegmans. And in that contract, there is language that whereby Wegmans says that no person shall be deemed to act or speak on behalf of Wegmans except as provided herein. And then it goes on to specifically identify the person who may act on behalf of it. And that person is the project may designate in extrinsic writings. And so based on those terms, that contract is ambiguous as to whether somebody standing in Mr. Story shoes would be considered an agent. But then moving beyond the terms of that contract to the surrounding facts and circumstances within the employment procurement agreement between Wegmans and Aerotech. Wegmans and Aerotech expressly agree that vendor supplied employees such as Mr. Story are to be considered independent contractors, which means they're not to be considered agents. And so therefore, even if a court were to an agent, at the time of contracting, it was specifically considered that he would not be considered an agent. And therefore, when there's an independent contractor be an agent, it could be, but it's certainly it's ambiguous as to whether it's legally ambiguous as to whether or not an agent. And that ambiguity in and of itself defeats, requires that the contract be strictly construed against providing indemnification to somebody in Mr. Story's position as a contractual indemnity. That we keep coming back to the ambiguity exists here, both in the contract, it's both in the in the contract between MP Masonry and Wegmans and between the contract in the contract between Wegmans and Aerotech. You referred a few moments ago to a separate agreement indemnifying Wegmans. Can you just elaborate on what that is? Yeah, well, there's there are there are the two, two existing agreements here. There is the first agreement was an agreement between Wegmans and Aerotech. And that is the quote labor procurement agreement. And the labor procurement agreement preceded the subsequent agreement between MP Masonry and Wegmans. And the labor procurement agreement establishes the manner in which Wegmans and Aerotech intended to define their relationship and the relationship between. I may have misunderstood. I thought you said there was a separate indemnification agreement. Well, within the labor procurement within within that agreement, there are there are insurance requirements and there are indemnification provisions. And, and so that preceding agreement that established exactly how Wegmans and Aerotech intended that the employees that Aerotech would would would supply to Wegmans would be considered and considered and expressly stated stated that under no circumstances would Wegmans be considered the employer and that the vendor supplied employees such as Mr. Story would be independent contractors. And independent contractors generally are not considered agents. And, you know, it may be that sometimes they can be considered agents, but at a minimum that that contractual term creates ambiguity as to whether or not Mr. Story was intended to be deemed an agent of Wegmans in connection with the subsequent contract between MP Masonry and Wegmans. And as a final point, I would just I would just make clear that Wegmans does not need Mr. Story to be indemnifiable by MP Masonry to protect Wegmans interests. Wegmans is fully protected. It will be indemnified for whatever liability may result to it in this underlying action. This is really just about who is going to be responsible for paying for the defense and independent negligence of Mr. Story. And it's it's our position that the contract between MP Masonry and Wegmans is ambiguous at a minimum as to whether or not MP Masonry was supposed to indemnify him. And therefore, this court must determine that that contract must be strictly construed as not to impose an obligation to indemnify. Thank you. Mr. Quorum, you have one minute for rebuttal. You're on mute. You're on mute. Sorry about that, Judge. Judge Jacobs, you ask if this person, Mr. Story, was in fact an agent. My colleague says it doesn't matter. That's not the question, according to him. I think it is an important question. Because if he's not an agent or rep or employee, he's not going to be covered. So that is absolutely part of the analysis. He argues the labor procurement agreement says he's an independent contractor, but he does not even now that he wasn't a special employee under the law of New York and the uncontested facts of this case. He doesn't argue that. The simple language and clear intent behind this agreement has been made far too complicated. The agreement was plainly intended to protect Wegmans by protecting Wegmans employees and agents, people for whose actions Wegmans could be sued and was. But Wegmans is protected, right? The question is whether Aerotech gets reimbursed by the insurance company. Well, Wegmans is not necessarily protected, Judge. What if Mr. Story, I mean, this happens all the time. I represent Aerotech as a staffing company. I see this a lot. So as temporary employees, if they are liable, and the let's say Wegmans has insurance, and this is very common, that covers the actions of its employees, including temporary workers. And Wegmans insurance covers that. But Wegmans may have a very large deductible for which they may be responsible. So Wegmans very well could be responsible. I mean, Wegmans agreed that that that the employees like Story were employees of Aerotech and not of Wegmans. Well, Wegmans may have said that in an agreement that Mr. McDonough argues you can't look at. Because he's already told you that if this agreement is ambiguous, if it's if it's ambiguous, it has to be construed. I don't think he argued that we can't look at it. I'll tell you how he did, Judge. I'll tell you exactly how he did. He said that this are this agreement is ambiguous. And if it is ambiguous, you have to construe it in his favor. Therefore, you need look no further than the agreement. So I don't know why you would then look to extrinsic evidence. If it is unambiguous, then you need not look further either. I would suggest you consider one last thing. What does this mean to contracts in New York? What would be required if not this if it's not sufficient to call someone who is uncontestedly agent, employee and rep and say any of our agents, any of our reps, any of our employees are covered? If that's not enough, and we're going to read talking to say you've got to mention them all by name. Imagine what that will mean to the contracts that are out there and what will be required. Full Employment Act for the lawyers, I suppose. Thank you both. The court will reserve decision.